JOANIKA DAVIS, SURVIVING     *     NO. 2023-C-0523
CHILD OF THE DECEDENT,
CORA BELL STEWART     *

    **COURT OF APPEAL**

VERSUS     *

    **FOURTH CIRCUIT**

HILLVIEW NURSING HOME,     *
INC. D/B/A LEGRAND     **STATE OF LOUISIANA**
NURSING AND     * * * * * * *
REHABILITATION CENTER,
ET AL.

ON SUPERVISORY WRIT FROM THE
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-03089, DIVISION "E"
Honorable Omar Mason, Judge
* * * * * *
**Judge Paula A. Brown**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Sandra Cabrina Jenkins, Judge Paula A. Brown)

Peter J. Segrist
David J. Scotton
Carver, Darden, Koretzky, Tessier, Finn, Blossman & Areaux, LLC
1100 Poydras Street, Suite 3100
New Orleans, Louisiana 70163

      COUNSEL FOR PLAINTIFF/RESPONDENT

Penny N. Nowell
Lunn Irion Law Firm, LLC
8670 Box Road, Bldg A
Shreveport, LA 71106

      COUNSEL FOR DEFENDANT/RELATOR

                  **WRIT GRANTED;**
                  **RELIEF DENIED**

                  **SEPTEMBER 25, 2023**

Respondent, Joanika Davis, one of the surviving children of Decedent Cora Bell Stewart ("the decedent"), filed a petition for damages on April 7, 2022, against Defendants, St. Luke's #2, LLC ("St. Luke's") and Paramount Healthcare Consultants, LLC d/b/a LeGrand Health Care & Rehabilitation Center ("Paramount"), asserting that the decedent was a resident of St. Luke's in August 2021, when Hurricane Ida approached the Greater New Orleans area. Respondent asserted that the decedent was evacuated to an offsite facility where, during and after the evacuation, the decedent "was neglected and her basic needs left unmet," which caused her to sustain a fall. The decedent was later transferred to Morehouse General Hospital, where she later died.

On July 18, 2022, Respondent filed her first amending and supplemental petition, adding Hillview Nursing Home, Inc. ("Relator") as an additional defendant, alleging that the offsite facility where the decedent was transported to is owned and/or operated by Relator[1]. On September 29, 2022, Relator filed exceptions of prematurity and of vagueness or ambiguity of the petition, and Respondent filed an opposition in response. A hearing was held on these

---

[1] After Respondent filed her first amending and supplemental petition for damages adding Relator as a defendant, she voluntarily dismissed Paramount from this action.

1

exceptions on December 2, 2022, at which the district court overruled the exception of prematurity and sustained in part the exception of vagueness or ambiguity. On February 3, 2023, pursuant to the district court's judgment sustaining in part Relator's exception of vagueness, Respondent amended her petition for the second time.

On March 17, 2023, Relator filed the same exceptions of prematurity and of vagueness or ambiguity of the petition, and Respondent filed an opposition in response. A hearing on these exceptions was held on June 2, 2023. In its June 13, 2023 written judgment, the district court again overruled Relator's dilatory exceptions of prematurity and vagueness or ambiguity and found that Respondent's claims were not subject to the Louisiana Medical Malpractice Act ("LMMA") and that the Respondent's petition as amended was not vague or ambiguous. From this judgment, Relator seeks review.

Relator argues that the district court erred in denying its exception of prematurity. "The standard of review of a judgment granting an exception of prematurity is generally manifest error, but where a purely legal question is presented, the judgment is reviewed *de novo*." *Richard v. Notre Dame Health Sys.,* 22-0800, p. 3 (La. App. 4 Cir. 5/31/23), ___ So.3d ___, ___, 2023 WL 3735118, at *1 (citing *Doe v. Jesuit High Sch. of New Orleans*, 21-0284, pp. 3-4 (La. App. 4 Cir. 11/10/21), 331 So.3d 426, 429). In the case *sub judice*, the issue of whether Respondent's claims against Relator sound in medical malpractice involves a question of law, requiring this Court to conduct a *de novo* review of the district court's denial of the exception of prematurity. *See Burandt v. Pendleton Mem'l Methodist Hosp.*, 13-0049, p. 7 (La. App. 4 Cir. 8/7/13), 123 So.3d 236, 241 (citing

2

*Duplessis v. Tulane University*, 07-0647, p. 3 (La. App. 4 Cir. 11/21/07), 972 So.2d 387, 389).

"The burden of proving prematurity is on the exceptor, 'who must show that it is entitled to a medical review panel because the allegations fall within the LMMA.'" *Richard*, 22-0800, p. 3, ___ So.3d at ___, ___, 2023 WL 3735118, at *1 (quoting *Watson v. Woldenberg Vill., Inc.*, 16-0159, p. 4 (La. App. 4 Cir. 10/5/16), 203 So.3d 317, 321). "Under the LMMA, a medical malpractice claim against a private qualified health care provider is subject to dismissal for prematurity if it has not first been presented to a medical review panel." *Watson*, 16-0159, p. 4, 203 So.3d at 320 (citing *Burandt*, 13-0049, p. 6, 123 So.3d at 240). However, the LMMA and its limitations on tort liability apply only to claims "arising from medical malpractice;" all other tort liability on the part of the qualified health care provider is governed by general tort law. *Id.* at p. 4, 203 So.3d at 321 (citing *Burandt*, 13-0049, p. 6, 123 So.3d at 241).

In *Watson*, this Court reviewed a judgment granting an exception for prematurity involving a claim that implicated the LMMA and observed:

> In *Coleman v. Deno*, the Supreme Court outlined a six-part test to determine whether a negligent act falls within the LMMA. The six Coleman factors are: (1) whether the particular wrong is "treatment related" or caused by a dereliction of professional skill; (2) whether the wrong requires expert medical evidence to determine whether the appropriate standard of care was breached; (3) whether the pertinent act or omission involved assessment of the patient's condition; (4) whether an incident occurred in the context of a physician-patient relationship, or was within the scope of activities which a hospital is licensed to perform; (5) whether the injury would have occurred if the patient had not sought treatment; and (6) whether the tort alleged was intentional.

*Id.* at p. 7, 203 So.3d at 322 (internal citations omitted).

Relator asserts that Respondent's claims are clearly treatment related, as they are based directly on the nursing care and other professional care, or the alleged lack of it, i.e. failure to monitor. Relator further asserts that Respondent's claims will require expert testimony to establish that: (1) the care the decedent received at Hillview fell below the requisite standard of care and that any such alleged breach of the standard of care caused injuries; (2) the alleged negligence is directly based on the provider-patient relationship at Hillview; and (3) the decedent's alleged injuries would not have occurred but for her treatment as an admitted resident at Hillview.

From the record before us, we cannot determine whether Respondent's allegations were related to medical treatment or caused by a dereliction of professional skill. However, this Court has previously found that evacuation issues such as those presented here are not treatment related and therefore do not require expert medical evidence. *See Lafonta v. Hotard Coaches, Inc.,* 07-0454, p. 5 (La. App. 4 Cir. 10/10/07), 969 So.2d 686, 689; *see also Montalbano v. Buffman, Inc.,* 11-0753, p. 11 (La. App. 4 Cir. 3/21/12), 90 So.3d 503. Further, the record does not contain sufficient evidence for us to make a determination as to whether the alleged pertinent acts or omissions involved an assessment of the decedent's condition. Likewise, the record is devoid of any evidence from which we can determine whether the incident occurred within the context of a physician-patient relationship or was within the scope of the activities for which the nursing home is licensed to perform. Similarly, we are unable to determine from the record whether

4

the decedent's injuries and death would not have occurred had she not been under the care of Hillview. Regarding whether Hillview's alleged conduct was an intentional tort, "[t]his factor is not an issue in this case, as any allegations of intentional tort would not be submitted to a medical review panel." *Montalbano,* 11-0753, p. 11, 90 So.3d at 511.

Applying the *Coleman* factors, we find that Relator has failed to show that the decedent's injuries and subsequent death were related to medical treatment. Thus, Respondent's allegations do not fall under the provisions of the LMMA. *See Burandt,* 13-0049, p. 13, 123 So.3d at 244 (where this Court observed that in the absence of showing that the decedent's alleged injuries and subsequent death were related to medical treatment "and in keeping with the Supreme Court's pronouncement in *LaCoste* that any ambiguity as to the scope of the claim against a health care provider should be resolved in favor of the plaintiff and against a finding that the tort sounds in malpractice," plaintiff's claims did not fall under the provisions of the [L]MMA) (referencing *LaCoste*, 07-0008, p. 7, 966 So.2d at 524).

Next, Relator argues that the district court erred in denying its exception of vagueness or ambiguity of the petition. Relator avers that if this Court is unable to determine whether Respondent's claims fall under the LMMA then Relator's exceptions as to the vagueness or ambiguity of the petition should be maintained, and Respondent's claims should be dismissed or remanded for further proceedings on that basis.

The law "requires that a petition 'contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation.'" *Heirs of John Beckwith LLC v. Sims*, 20-0476, p. 4 (La. App. 4 Cir. 3/10/21), 315 So.3d 306, 313 (quoting La. C.C.P. art. 891(A))[2]. Like prematurity, vagueness or ambiguity of the petition is another dilatory exception objection that may be raised. *See* La. C.C.P. art. 926(A)(5). This exception challenges "[t]he sufficiency of the petition to clearly articulate the facts underlying the claims asserted therein." *Id.* (citing La. C.C.P. art. 926(A)(5)). "We review a trial court's denial of an exception of vagueness under a manifest error standard as this judgment is based on factual determinations." *Id.* at p. 5, 315 So.3d at 313 (citing *An Erny Girl, L.L.C. v. BCNO 4 L.L.C.*, 18-0360, p. 5 (La. App. 4 Cir. 9/26/18), 257 So.3d 212, 218).

Respondent alleged in her second amending and supplemental petition that the decedent "was neglected and her basic needs left unmet, as exemplified through Decedent's fall at Hillview, which was confirmed by Hillview on the record in open court." Further, Respondent alleged that the Hillview, who exercised care, custody, and control over the decedent, "breached their duties to supervise and monitor their residents and evacuees" by "negligently transporting Decedent during the evacuation and failing to take the necessary safeguards to

___

[2] La C.C.P. art. 891(A) provides:

The petition shall comply with Articles 853, 854, and 863, and, whenever applicable, with Articles 855 through 861. It shall set forth the name, surname, and domicile of the parties; shall contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation; shall designate a physical address, not a post office box, and an email address for receipt of service of all items involving the litigation; and shall conclude with a prayer for judgment for the relief sought. Relief may be prayed for in the alternative.

6

prevent Decedent's fall and untimely death." Respondent specifically avers that her claims "do not sound in medical malpractice," but rather in "general negligence."

In reviewing Respondent's original petition for damages and her first and second amending and supplemental petition for damages, we find that Respondent set forth allegations with sufficient particularity to allow for the Relator to prepare a defense as required pursuant to La. C.C.P. art. 891(A).

Lastly, Relator asserts that the district court erred by not allowing "any documentary evidence, including certified medical record[s]" that Relator sought to be introduced. Pursuant to La. C.C.P. art. 930, "[o]n the trial of the dilatory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." Further, "[o]ur jurisprudence indicates that a 'trial court has great discretion in the admissibility of evidence and its decision to admit or exclude evidence may not be reversed on appeal absent a clear abuse of that discretion.'" *Eng. Turn Prop. Owners Ass'n v. Taranto*, 16-0319, pp. 19-20 (La. App. 4 Cir. 4/19/17), 219 So.3d 381, 394*,* (quoting *Ratliff v. LSU Bd. of Supervisors*, 09-0012, p. 12 (La. App. 4 Cir. 5/7/10), 38 So.3d 1068, 1077).

At the June 2, 2023 hearing on the exceptions, Relator attempted to introduce documentary evidence that was not attached to its exceptions, to which Respondent objected. The district court sustained the objection and ruled that it would not allow any exhibits that were not attached to the pleadings of either party.

We find that the district court did not abuse its discretion when it did not allow the Relator to introduce documentary evidence.

Accordingly, for the reasons outlined above, Relator's writ application is granted, but relief is denied.

**WRIT GRANTED;**
**RELIEF DENIED**